IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| RONETTE N. HILL, | ) | |
| | ) | Civil Action No. 3:19CV00068 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Hon. Glen E. Conrad |
| JAMIE STOKES, M.D., et al., | ) | Senior United States District Judge |
| | ) | |
| Defendants. | ) | |

Plaintiff Ronette N. Hill, a District of Columbia resident, underwent hernia repair surgery at Sentara Martha Jefferson Hospital ("Martha Jefferson") in Charlottesville, Virginia in 2017. On November 7, 2019, the plaintiff, proceeding pro se and in forma pauperis, filed this medical malpractice action against Martha Jefferson and Jamie Stokes, M.D., the physician who performed the surgery. The case is presently before the court on Martha Jefferson's motion for in camera review of the certifying expert opinion required by the Virginia Medical Malpractice Act ("VMMA"), and for dismissal with prejudice in the event that Hill did not obtain such opinion prior to requesting service of process on the defendants. The court conducted a telephonic hearing on the motion on April 20, 2020. For the reasons stated during the hearing and for those set forth below, Martha Jefferson's motion for in camera review will be granted and its motion to dismiss will be denied without prejudice.

It is "well-settled" that the expert certification requirements of the VMMA apply in a diversity action alleging medical malpractice in Virginia. Sowers v. United States, 141 F. Supp. 3d 471, 476 (E.D. Va. 2015) (citing Keitz v. Unnamed Sponsors of Cocaine Research Study, 510 F. App'x 254, 256 (4th Cir. 2013)); see also Grooms v. Hunter Holmes McGuire Veterans Admin. Med. Ctr., 656 F. App'x 27 (4th Cir. 2016) (affirming dismissal for failure to comply with the

expert certification requirements). The requirements are set forth in Virginia Code § 8.01-20.1, which provides as follows:

> Every motion for judgment, counter claim, or third party claim in a medical malpractice action, at the time the plaintiff requests service of process upon a defendant, or requests a defendant to accept service of process, shall be deemed a certification that the plaintiff has obtained from an expert witness whom the plaintiff reasonably believes would qualify as an expert witness pursuant to subsection A of § 8.01-581.20 a written opinion signed by the expert witness that, based upon a reasonable understanding of the facts, the defendant for whom service of process has been requested deviated from the applicable standard of care and the deviation was a proximate cause of the injuries claimed. This certification is not necessary if the plaintiff, in good faith, alleges a medical malpractice action that asserts a theory of liability where expert testimony is unnecessary because the alleged act of negligence clearly lies within the range of the jury's common knowledge and experience.

Va. Code Ann. § 8.01-20.1. The statute further provides that "[t]he court, upon good cause shown, may conduct an in camera review of the certifying expert opinion obtained by the plaintiff as the court may deem appropriate." Id. "If the plaintiff did not obtain a necessary certifying expert opinion at the time the plaintiff requested service of process on a defendant as a required under this section, the court shall impose sanctions according to the provisions of § 8.01-271.1 and may dismiss the case with prejudice." Id.

In this case, the plaintiff appears to allege that the defendants breached the applicable standards of care in performing the plaintiff's hernia repair surgery and in treating her before and after the surgical procedure. Based on the plaintiff's allegations, the court does not believe that this case presents one of those "rare instances" in which all of the alleged acts of medical negligence fall within the jury's common knowledge and experience. Beverly Enters.-Va., Inc. v. Nichols, 441 S.E.2d 1, 3 (Va. 1994); see also Keitz, 510 F. App'x at 256 (noting that "only in rare circumstances will expert testimony in a medical malpractice action be unnecessary"). Instead,

the court is of the opinion that expert testimony will be required to prove most, if not all, of the plaintiff's allegations of malpractice  Consequently, the plaintiff must comply with the expert certification requirements of the VMMA.

During the hearing on the pending motion, Martha Jefferson established that the plaintiff had not obtained a certifying expert opinion at the time she requested service of process on the defendants.[1]  Martha Jefferson therefore requested that the court dismiss the case with prejudice. In response, the plaintiff indicated that she was unaware of the expert certification requirements at the time she filed the instant action.  The plaintiff also advised the court that she had met with a surgeon at the University of Virginia Medical Center, who she believes would qualify as an expert witness and provide a written opinion that meets the expert certification requirements of the VMMA.  Accordingly, the plaintiff requested additional time to obtain such opinion.

As indicated during the hearing, the court will decline to exercise its discretion to dismiss the case at this time.  See Sanchez-Angeles v. United States, No. 7:07-cv-00596, 2008 U.S. Dist. LEXIS 53222, at *17 n.6 (W.D. Va. July 10, 2008) (noting that "the option to dismiss the case is clearly left to the court's discretion") (citing Va. Code Ann. § 8.01-20.1).  Based on the plaintiff's status as a pro se litigant, and in light of her alleged discussions with another surgeon regarding the claimed acts of negligence, the court finds it appropriate to afford the plaintiff additional time to obtain a certifying expert opinion.  See, e.g., Sowers v. United States, No. 1:14-cv-00177, 2015 U.S. Dist. LEXIS 135614, at *2 (E.D. Va. Feb. 25, 2015) (finding it appropriate to give the pro se plaintiff an additional 30 days to obtain the expert certification required under the VMMA).  Such opinion must be submitted to the court for in camera review within thirty days, unless the plaintiff provides good cause for an extension.  The plaintiff is advised that failure to obtain the necessary

---

[1] In response to Martha Jefferson's motion, Hill submitted an August 2018 letter from a family practice physician indicating that her surgical wound was "not healing secondary to an infectious etiology."  ECF No. 21. The court agrees with Martha Jefferson that this letter does not satisfy the requirements of the VMMA.

certifying opinion may result in the dismissal of this case with prejudice, along with additional sanctions.[2]

For the reasons stated, the court will grant Martha Jefferson's motion for <u>in camera</u> review and deny without prejudice the motion to dismiss contained therein. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

DATED: This _23rd day of April, 2020.

*/s/ Glen Conrad*
Senior United States District Judge

---

[2] If Martha Jefferson believes that additional sanctions are warranted, it must file an appropriate motion.